UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| **DARRYL WADE SMITH** | ) | |
| Plaintiff, | ) | |
| vs | ) | |
| | ) | CAUSE NO.: 2 10CV 149 |
| **PROGRESS RAIL SERVICES** | ) | |
| **CORPORATION** | ) | |
| and | ) | |
| **JMJ PERSONNEL, INC. d/b/a** | ) | |
| **SEDONA STAFFING** | ) | |
| Defendants. | ) | |

## COMPLAINT

Comes now Darryl Wade Smith, by counsel, Elizabeth D. Norwood, and for his complaint against Progress Rail Services Corporation, JMJ Personnel, Inc, d/b/a Sedona Staffing, alleges and states that:

1. This is an action for declaratory and injuncture relief and damages to redress acts of discrimination, and wrongful termination, in violation of Title VII of the Civil Rights Act of 1964, the Americans with Disability Act, and Indiana Public Policy. Plaintiff alleges that on or abut June 12, 2008 he was employed by Sedona Staffing, a temporary employment agency, and Sedona Staffing assigned Smith to work at Progress Rail Services Corporation as a number 3 mechanic. In order to get the job at Progress Rail, Smith was sent to Comprehensive Care for a physical. At the physical Smith told the doctor that he suffered from high blood pressure. The doctor informed Smith that it was well controlled.

After the physical, Smith interviewed with David Hankins of Progress Rail. Smith told Hankins about his high blood pressure. Hankins told Smith to call the company nurse, who informed Smith that he was cleared for work.

Smith performed the essential functions of his job, working outdoors for about two weeks at Progress Rail in hot weather conditions. Progress Rail served Gatorade made from a powder that was made two to three times the strength of the package directions.

On or about July 17, 2008, Smith became dizzy and unable to work, stand or drive. Smith informed a supervisor named Milo that he needed to go to the hospital. Milo called Hankins in the presence of Smith. Progress Rail through Hankins and Milo denied Smith medical treatment in violation of company policy. Smith's wife arrived to pick him up from his employment and take him to the hospital. Smith was extremely ill from ingesting the salt in the Gatorade that aggravated his high blood pressure. Smith spent two days in the hospital.

On or about July 21st, 2008, doctors released Smith to go back to work. On his way to work, Smith's wife called Smith to inform him that JMJ Personnel, Inc. d/b/a Sedona Staffing informed him that he was terminated. Smith went to Sedona Staffing to find out why he was terminated. Shirley Nagal of Sedona Staffing told him that she did not have to give a reason why. Later when Smith applied for unemployment benefits Gloria Lopez of Progress Rail, informed the administrative law judge that Smith quit his job. Plaintiff believes that he was discriminated against by denying him medical treatment because of his race. He further contends that he was fired because of his disability (e.g. high blood pressure). Plaintiff contends that JMJ Personnel, Inc. d/b/a Sedona Staffing was an agent of Progress Rail and is liable as such Plaintiff believes both Progress Rail and JMJ Personnel, Inc. d/b/a Sedona Staffing wrongfully termination was in violation of Indiana Public Policy. Plaintiff seeks equitable relief in the form of a declaratory judgment that the Defendants have violated the anti-discrimination laws referred to above, re-instatement of his job and an injunction requires the Defendants to pay back pay and liquidated damages compensatory damages and punitive damages pursuant to Title VII and The Americans

with Disabilities Act. Plaintiff also prays for reasonable attorney fees and expenses of litigation pursuant to 42 U.S.C. sections 2000e-5(K), 42 U.S.C. section 216(6).

## Jurisdiction and Venue

2. All of the operative facts in their course took place in Defendants' places of businesses in Highland, Lake County, Indiana and East Chicago, Indiana. This court has jurisdiction over this action pursuant to 42 U.S.C., section 2000e, 28 U.S.C. section 1343 and 29 U.S.C. section 216(b). Venue lies in the Northern District of Indiana pursuant to 28 U.S.C. section 1391(b).

## Parties

3. Plaintiff, Darryl Wade Smith is an adult male African-American resident of the City of East Chicago, Lake County, Indiana. Smith began working for Sedona Staffing and Progress Rail in June of 2008.

4. Defendant, Progress Rail Services Corporation is a corporation supplying products and services to the rail industry throughout North America and employs more than fifteen (15) persons and is an "employer" within the meaning and interest of Title VII and the ADA.

5. Defendant, JMJ Personnel, Inc. d/b/a Sedona Staffing is a corporation that provides staff for clerical, light industrial and technical jobs. Sedona Staffing exercises control over terms conditions of employment and is engaged in an industry affecting commerce and employs more than fifteen (15) persons and is an "employer" within the meaning and interest of Title VII and the ADA.

## Grounds for Relief

6. In the discharge of his duties as mechanic #3, Smith successfully completed on

      the job training from June 12, 2008 to July 17, 2008 and was scheduled to work a shift, unsupervised, on the day he was terminated.

7. Progress Rail was informed by Smith of his disability (e.g. high blood pressure) before Smith began work. Progress Rail cleared Smith for working through a physical and evaluation by its company nurse. Smith is disabled with the meaning of the ADA because his major life activities of breathing and thinking are affected.

8. Progress Rail provided its employers with Gatorade, mixed at three times its directed strength that Smith consumed for nearly two weeks as he worked outdoors. Smith's ingestion of the Gatorade aggravated his high blood pressure which required Smith's hospitalization for two days.

9. Progress Rail was informed by Smith that he needed medical attention but was refused treatment by Milo and Hankins because of his race.

10. Progress Rail discharged Smith on or about July 21, 2008 due to his disability.

11. JMJ Personnel, Inc. d/b/a Sedona Staffing was an agent of Progress Rail.

12. That once Progress Rail and JMJ Personnel, Inc., d/b/a Sedona Staffing discharged Smith, JMJ Personnel, Inc., d/b/a Sedona Staffing would not tell Smith the reason for his firing.

13. That Gloria Lopez of Progress Rail told an administrative law judge when Smith applied for unemployment benefits that Smith had quit his job.

14. That JMJ Personnel, Inc., d/b/a Sedona Staffing operated jointly with Progress Rail in the discriminatory termination of Smith based on his disability and in violation of Public Policy.

15. That Smith was wrongfully terminated from his employment for exercising his right to medical treatment.

16. Smith is a qualified individual within the meaning of Title VII.

17. Smith was a qualified individual who was working, performing the essential functions of his job, within the meaning and intent of the ADA.

18. As a result of the action of Progress Rail and JMJ Personnel, Inc., d/b/a Sedona Staffing as described above, Smith has suffered severe mental anguish and emotional distress and has been denied fair treatment at his work place on account of his race and disability. Smith has no adequate remedy at law to redress Progress Rail's and JMJ Personnel, Inc., d/b/a Sedona Staffings refusal to comply with Title VII and the America with Disabilities Act by discriminating against him on account of his race and disability.

19. Smith timely filed charges of discrimination before the United States Equal Employment Opportunity Commission ("EEOC") under charge numbers 24B-2009-0003 and 470-2009-02204 concerning race and discrimination in his employment as described above. He received notice of his right to sue letters on January 28, 2010.

## Causes of Action

20. By refusing medical treatment to Smith on account of his race, terminating him because of his disability and wrongfully terminating Smith for exercising his right to medical treatment, Progress Rail and JMJ Personnel, Inc., d/b/a Sedona Staffing have intentionally discriminated and terminated him in violation of Indiana public policy. Smith has been discriminated against on account of race

and disability in the terms and condition of employment in violation of Title VII and the ADA and Public Policy. Defendants are liable to Smith for compensatory and punitive damages and injuncture and declaratory relief.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment in this course and for the following relief:

a. A declaratory judgment that Defendants Progress Rail and JMJ Personnel d/b/a Sedona Staffing have discriminated against Plaintiff on account of his race and disability in the terms and conditions of his employment.

b. Preliminary and permanent injunctions requiring Progress Rail and JMJ Personnel, Inc. d/b/a Sedona Staffing to

c. Re-instate Plaintiffs job, pay and sums of back pay necessary to redress the wrongful termination of Plaintiff.

d. Award of compensatory damages for economic losses caused by the actions of discrimination in the complaint are for pain, suffering, mental anguish and humiliation.

e. Award punitive damages against Progress Rail and JMJ Personnel, Inc. d/b/a Sedona Staffing to deter discrimination on the bases of race and disability in the future.

f. Award for liquidated damages under 29 U.S.C. Section 216(b).

g. Award for reasonable attorney fees and expenses of litigation pursuant to 42 U.S.C. Section 2000 E5(k), 42 U.S.C. Section 1988 and 29 U.S.C. Section 216(b) just and proper relief.

## Jury Demand

Plaintiff demands trial by Jury.

                                                                                                                       _____
Elizabeth D. Norwood #16209-20A
ROBERT LEWIS & ASSOCIATES
2148 West 11th Avenue
Gary, Indiana 46404
(219) 944-2755
(219) 944-2764
elizabethdnorwood@yahoo.com

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>470-2009-02204 |
|---|---|---|

East Chicago Human Rights Commission                                                                                                                                                     and EEOC
*State or local Agency, if any*

**Name** (Indicate Mr., Ms., Mrs.): Darryl W. Smith                        **Date of Birth**:

**Street Address**: 4812 Northcote, East Chicago, IN 46312        **City, State and ZIP Code**:

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

**Name**: Progress Rail                    **No. Employees, Members**: 15-100              **Phone No. with Area Code**: (219) 397-5326
**Street Address**: 175 W. Chicago Ave. East Chicago, IN 46312

**DISCRIMINATION BASED ON** (Check appropriate box(es).)
☒ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☐ AGE   ☒ DISABILITY   ☐ OTHER (Specify below)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: July 17, 2008    Latest: 7/21/
☒ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

In June of 2008, I applied for a job at Progress Rail Services through a temporary agency, Sedona Staffing. On June 9th, 2008, I received a letter from Progress Rail stating that they were interested in hiring me. I went to Sedona and filled out an application. I was sent to Comprehensive Care in Gary for a physical. I told the doctor that I had high blood pressure. The doctor told me it was well controlled. After the physical, I interviewed with David Hankins and another individual from Progress Rail. I told Mr. Hankins that I had high blood pressure. Mr. Hankins told me to call the company nurse in Alabama. I called the company nurse. She informed me that it was okay for me to work. I worked for about thirty days without any problems. While working, Progress Rail provided me with Gatorade because it was very hot and there was no air conditioning.

On July 17th, 2008, I became dizzy and was unable to stand, walk or drive. I informed my supervisor at Progress Rail by the name of Milo, pursuant to the Sedona Group Associate Handbook, that I needed to go to the hospital. Milo called Mr. Hankins in my presence. I was not offered a ride to the hospital. I called my wife. She picked me up and took me to the hospital. I was admitted to the hospital for two days due to the salt I ingested in the Gatorade which affected my blood pressure.

On Monday July 21, 2008, I was released to go back to work. On my way to work, my wife called me to inform me that Shirley Nagal called to inform me that my services were no longer needed. I went to see her at Sedona Staffing to find out why. She informed me that Progress Rail did not have to give a reason for my termination. I asked her if I should apply for unemployment. She told me that she could not tell me what to do.

When I applied for unemployment, I learned that Sedona and Progress Rail, through Gloria Lopez, inform the administrative law judge that I had quit my job and was unable to do my job. I believe I was terminated because of my disability in violation of the ADA. I believe that Sedona and Progress Rail violated their accident policy and refused me medical treatment because of my race, African American in violation of Title 7.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 04-01-2009       Charging Party Signature: Darryl W. Smith

NOTARY – When necessary for State or Local Agency Requirements
I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year): 4-1-09

SHELLA A. MOORE
NOTARY PUBLIC SEAL
STATE OF INDIANA
My Comm. Expires November 23, 2016

EEOC Form 161-A (11/09)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

# NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| To: | Darryl W. Smith<br>4812 Northcote<br>East Chicago, IN 46312 | From: | Indianapolis District Office<br>101 West Ohio St<br>Suite 1900<br>Indianapolis, IN 46204 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2009-02204 | Randy G. Poynter,<br>Enforcement Supervisor | (317) 226-5670 |

**TO THE PERSON AGGRIEVED:**

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
Danny G. Harter,
Director

JAN 2 8 2010
*(Date Mailed)*

Enclosures(s)

cc:    Diana Charlton
Senior Corporate Counsel
Progress Rail
1600 Progress Drive
P.O. Box 1037
Albertville, AL 35950

Elizabeth D. Norwood, Esq.
Robert Lews & Associates
2148 W. 11th Ave.
Gary, IN 46404

EEOC Form 5 (5/01)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>[X] FEPA<br>[X] EEOC | Agency(ies) Charge No(s):<br>EC0926<br>24B-2009-00031 |
|---|---|---|

East Chicago Human Rights Commission and EEOC
*State or local Agency, if any*

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Mr. Darryl W. Smith | (219) 397-4580 | 07-04-1951 |

Street Address: 4812 Northcote, East Chicago, IN 46312

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| SEDONA STAFFING | 15 - 100 | (219) 838-5627 |

Street Address: 8121 Kennedy Avenue, Highland, IN 46322

DISCRIMINATION BASED ON (Check appropriate box(es).)
[ ] RACE [ ] COLOR [ ] SEX [ ] RELIGION [ ] NATIONAL ORIGIN
[ ] RETALIATION [ ] AGE [X] DISABILITY [ ] OTHER

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07-17-2008  Latest: 07-21-2008
[X] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. I was employed by Sedona Staffing (assigned to work at Progress Rail Services) from June 12, 2008 until July 17, 2008 as a Mechanic #3.

II. On July 17, 2008 I became ill on the job after drinking a quart a day of Gatorade that was supplied by the Progressive Rail Services over a two week period.
I was hospitalized on July 17th and 18th, 2008. I was released from the hospital on July 19, 2008. On Monday July 21, I was released to return to work by my doctor. However, Sedona had called my home and told my wife that my services were no longer needed. I went to Sedona's on July 21, 2008 to find out why I was terminated. I was told by Gloria Lopez that they did not have to give me a reason. I received a copy of the Sedona Staffing Notice that had my ending date as July 17, 2008 the same day I became ill on the job.
I was also told by Gloria Lopez when I applied for unemployment compensation benefits, that I had quit my job.

III. I believe I have been discriminated against based on my illness in violation of the ADA as amended.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

[signature] 3-26-2014

I declare under penalty of perjury that the above is true and correct.

Jan 12, 2009
Date / Charging Party Signature

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
1-12-2009

EEOC Form 161-B (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Darryl W. Smith
4812 Northcote
East Chicago, IN 46312

From: Indianapolis District Office
101 West Ohio St
Suite 1900
Indianapolis, IN 46204

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 470-2009-02205 | Randy G. Poynter, Enforcement Supervisor | (317) 226-5670 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X] More than 180 days have passed since the filing of this charge.

[ ] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice**. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Danny G. Harter,
Director

JAN 2 8 2010
(Date Mailed)

Enclosures(s)

cc: Robert Tithof
CFO
SEDONA STAFFING
8121 Kennedy Av.
Highland, IN 46322

Elizabeth D. Norwood, Esq.
2148 W. 11th Ave.
Gary, IN 46404